NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
JAMES A. BOYKINS,                   :
                                    :   Civil Action No. 03-5683 (AET)
            Petitioner,             :
                                    :
      v.                            :   **O P I N I O N**
                                    :
ROY L. HENDRICKS, et al.,           :
                                    :
            Respondents.            :
_____ :

**APPEARANCES:**

      JAMES A. BOYKINS, #229217/SBI 769786A, Petitioner <u>Pro Se</u>
      New Jersey State Prison
      P.O. Box 861
      Trenton, New Jersey  08625

      THOMAS M. CANNAVO, Assistant Prosecutor
      OCEAN COUNTY PROSECUTOR
      Ocean County Courthouse
      P.O. Box 2191
      Toms River, New Jersey 08754
      Attorneys for Respondents

**THOMPSON, DISTRICT JUDGE**

    James A. Boykins ("Boykins"), currently confined at the New Jersey State Prison in Trenton, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising several grounds for relief.  The State filed an Answer opposing the Petition, accompanied by relevant portions of the State court proceedings.  For the reasons expressed below, the Court will dismiss the Petition as untimely and decline to issue a certificate of appealability.

## I.  BACKGROUND

After a jury trial, Petitioner was convicted on September 11, 1990, of kidnapping, sexual assault, aggravated sexual assault, and criminal sexual conduct.  He was sentenced to a term of life imprisonment, with a 25 year period of parole ineligibility.  Petitioner appealed, and the New Jersey Appellate Division affirmed in an opinion dated April 2, 1993.  <u>State v. Boykins</u>, A-943-90 T3 (App. Div. April 2, 1993).  The New Jersey Supreme Court denied certification on July 7, 1993.  <u>State v. Boykins</u>, 134 N.J. 479 (1993) (table).

By letter received March 19, 1996, to the Law Division, Petitioner indicated that he had mailed a pro se petition for post conviction relief to the Law Division on November 20, 1995, but the pro se petition contained no grounds for relief.  Petitioner further stated that the petition had not been supplemented because the attorney he had retained had died and Petitioner was in the process of obtaining his trial transcripts from his colleague.  Petitioner also requested the appointment of counsel.  On March 26, 1996, counsel designated by the Public Defender filed a notice of appearance on Petitioner's behalf.  On July 19, 1996, the Law Division denied the petition without prejudice and granted defense counsel 60 days to refile the petition.  On August 5, 1996, the New Jersey Law Division dismissed the petition without prejudice, granted designated counsel 60 days to file an amended petition setting forth the basis upon which Petitioner claimed to be entitled to relief, and provided that the petition should be denied if no amended petition had been filed or extension granted.

In October 2000, Petitioner filed a second state petition for post conviction relief in the Law Division.[1] The Law Division denied relief by order filed August 2, 2001. Petitioner appealed. In an opinion filed April 25, 2003, the Appellate Division affirmed the order denying post conviction relief. State v. Boykins, No. A-398-01T4 (App. Div. April 25, 2003). The Appellate Division determined that the petition was "time-barred by Rule 3:22-12, having been filed more than five years after rendition of the judgment of conviction." Id. at 4. The Appellate Division further rejected Petitioner's ineffective assistance of counsel claim raised for the first time on appeal. Id. On July 21, 2003, the Supreme Court of New Jersey denied certification. State v. Boykins, 177 N.J. 496 (2003) (table).

On November 25, 2003, Petitioner executed the § 2254 Petition now before this Court. The Clerk received it on December 1, 2003, accompanied by a memorandum of law. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition asserts four grounds, none of which raises a right newly recognized by the United States Supreme Court. Respondents filed an Answer, accompanied by the state court record, arguing, inter alia, that the Petition should be dismissed as time-barred. Petitioner filed a Traverse, arguing that he disagrees that the Petition is time barred in that all his pleadings were filed and accepted by the state courts in a timely fashion.

---

[1] As noted by the Appellate Division, the second petition is dated October 18, 2000, in one place and October 23, 2000, in another place. State v. Boykins, No. A-398-01T4 slip op. at 2 n.1 (App. Div. April 25, 2003).

## II.  DISCUSSION

<u>Statute of Limitations</u>

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244 (d) (1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   ...

28 U.S.C. § 2244 (d) (1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003); <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted).

A post conviction petition that is untimely under state law is not "properly filed" within the meaning of § 2244(d)(2). Pace v. DeGuglielmo, 125 S.Ct. 1807, 1812 (2005) ("We fail to see how timeliness is any less a 'filing' requirement than the mechanical rules that are enforceable by clerks, if such rules exist"). Jurisdictional matters and fee payments, both of which often necessitate judicial scrutiny, are also conditions to filing. Id.

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 125 S.Ct. at 1814. The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that

5

prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Analysis

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed July 7, 1993. State v. Boykins, 134 N.J. 479 (1993) (table). Because Petitioner's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank,

264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). In the absence of statutory or equitable tolling, the limitations period expired on April 24, 1997.

Petitioner filed a post conviction relief application in the Law Division on November 20, 1995, which the Law Division dismissed at by order dated August 5, 1997. However, the petition raised no grounds. Under New Jersey Court Rules,

> A petition for post-conviction relief is cognizable if based upon any of the following grounds:
>
> (a) Substantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey;
>
> (b) Lack of jurisdiction of the court to impose the judgment rendered upon defendant's conviction;
>
> (c) Imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law.
>
> (d) Any ground heretofore available as a basis for collateral attack upon a conviction by habeas corpus or any other common-law or statutory remedy.

N.J. Ct. R. 3:22-2.

A post conviction relief application which contains no grounds for relief is not "in compliance with the applicable laws and rules governing filings," Artuz, 531 U.S. at 8, and is therefore not "properly filed" within the meaning of § 2244(d)(2). Id.; Pace, 125 S.Ct. at 1811-13. Therefore, the statute of limitations was not statutorily tolled when Petitioner filed his first post conviction papers in the Law Division on November 20, 1995.

Because Petitioner did not file his second state petition for post conviction relief until October 18, 2000, after the limitations period had expired, the limitations period was not

statutorily tolled. See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); see also Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).

Petitioner does not argue that the limitations period should be equitably tolled. This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period. Under these circumstances, the statute of limitations expired on April 24, 1997. Because Petitioner filed his § 2254 Petition on November 25, 2003, and because he was not entitled to statutory or equitable tolling during the one-year limitations period, the Petition is barred by the statute of limitations, and will be dismissed as untimely. 28 U.S.C. § 2244(d)(1).

Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  Id.

As explained above, the Court has concluded that this Petitioner's application is time barred, and that neither the statutory tolling provision nor the doctrine of equitable tolling renders his Petition timely.  The Court is persuaded that reasonable jurists would not debate the correctness of these conclusions.  Therefore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and  no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III.  CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Habeas Corpus Relief, and declines to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253 (c).

An appropriate Order accompanies this Opinion.


                                          s/ Anne E. Thompson
                            **ANNE E. THOMPSON**
                            **UNITED STATES DISTRICT JUDGE**


**DATED December 12, 2005**